UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05 CR 84 CDP |
| | ) | |
| | ) | |
| ANTHONY C. LITTRELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Anthony C. Littrell again seeks a reduction in his sentence.  I conclude that Littrell has shown extraordinary and compelling reasons justifying a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A) and that his sentence should be reduced to time served.  The unwarranted sentencing disparity of his 40 year sentence compared to the 20 year sentence he would have received today, together with his good conduct while incarcerated, his lack of any serious criminal history, and his recent diagnosis of Covid 19 all justify this reduction in sentence and his release.

On June 2, 2005 I sentenced Littrell to 480 months' imprisonment, following his conviction by a jury of six methamphetamine-related counts and two counts of

possession of a firearm during a drug trafficking crime under 18 U.S.C. § 924(c).[1]

The 40 year sentence was the mandatory minimum allowed under the law and

consisted of 120 months' imprisonment for the drug counts followed by a

consecutive 60 month sentence for possession of a firearm in connection with a

drug trafficking crime under 18 U.S.C. § 924(c), *plus* an additional consecutive

sentence of 300 months for a second § 924(c) conviction.  If Littrell had been

sentenced after the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132

Stat. 5194 (effective December 21, 2018), his mandatory minimum sentence would

have been 240 months' imprisonment.

This drastic change in potential sentences for the same conduct, when

considered in connection with his other grounds for compassionate release,

convinces me that Littrell's sentence should be reduced.  Littrell has already served

almost half his sentence.  According to counsel, if I were to reduce Littrell's

sentence to 240 months, he would be required to remain in prison for

approximately nine more months.  But Littrell—like more than 250 other prisoners

---

[1] Littrell's conviction and sentence were affirmed on appeal.  *United States v. Anthony Littrell*, 439 F.3d. 875 (2006).   I later denied his motion to vacate or set aside his sentence under 28 U.S.C. § 2255 in Case No 4:07CV1707 CDP, and the Court of Appeals denied his request for a certificate of appealability.  Littrell has filed numerous other motions seeking to reduce his sentence, which I denied.

at the facility where he is now incarcerated—has recently tested positive for Covid 19.  Under all the circumstances, I will reduce his sentence to time served, but because I do not know the current status of his medical condition, I will allow the Bureau of Prisons to delay implementation of this sentence for not more than fourteen days from today, but only if necessary to arrange for appropriate medical treatment or quarantine.

After the passage of the First Step Act, Littrell filed several motions and supplemental motions.  His initial First Step Act motions were filed *pro se*, and he and the government extensively briefed the issues.  In those *pro se* motions Littrell asked that I direct the United States Attorney to vacate his "stacked" § 924(c) convictions, relying on *United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y. 2014) and *United States v. Marks,* 6:03CR6003 DGL (W.D.N.Y March 14, 2019). [2]  He also argued that under the First Step Act a sentence could be reduced "for Any 'Extraordinary and Compelling Reason,' for Not Just Illness and/or Elderly Reason."  He argued that he had good behavior in prison, had worked himself

---

[2] The *Holloway* Court requested the United States to consider vacating some of defendant's stacked § 924(c) convictions, even though Holloway's sentence had been final for almost twenty years.  The United States Attorney agreed, so the *Holloway* result was uncontested.  *Holloway,* 68 F.Supp. 3d at 315-16.  In the *Marks* order cited by Littrell, the Court made a similar request of the United States, but the government never formally responded; the Court later reduced his sentence under 18 U.S.C. § 3592(c)(1)(A).  *See United States v. Marks*, 03-CR-6033L, 2020 WL 1908911at * 2 (W.D. N.Y. Apr. 20, 2020).

down to a low security level, had no "write-ups in 15 years," and had taken classes including GED and paralegal classes.  He also argued that he needed to be released for family reasons, that he has a "great home plan" and that he would be able to work and support himself, as demonstrated by his prior work history.

In a Supplemental Motion filed by appointed counsel, defense counsel requested that the Court reduce Littrell's sentence to 20 years, pointing out that a growing number of district courts have agreed that 18 U.S.C. § 3582(c)(1)(A), as it was amended by the First Step Act, allows reduction of sentence for "stacked" convictions under 18 U.S.C. § 924(c).

The First Step Act amended numerous sections of Title 18 of the United States Code.  Two provisions are relevant here.  First, changes to the compassionate release portion § 3582 now allow a defendant to file a motion for reduction of sentence, instead of requiring that the Bureau of Prisons file the motion.[3]  Second, section § 924(c) was changed so that a consecutive term of 25 years (300 months) for a second or subsequent conviction for possession of a firearm during a drug trafficking crime or crime of violence is only required if the

---

[3] Subsection (c)(1)(A) of § 3582 is usually referred to as the "compassionate release" section, but the statute does not use that term.  Instead it allows a court to "reduce" a sentence for "extraordinary and compelling reasons."

4

first conviction under § 924(c) has become final.  Thus, in a case such as Littrell's,

where the defendant did not have a *prior final* § 924(c) conviction but instead is

being sentenced on two § 924(c) counts from the same indictment, the second §

924(c) conviction would only require a five-year—rather than 25-year—

consecutive sentence.[4]  This portion of the Act was not made retroactive.

In responding to Littrell's supplemental motion, the United States took the

position that this court could not consider Littrell's motion because he had not

exhausted his administrative remedies.  As stated above, before the passage of the

First Step Act only the Bureau of Prisons could file a motion under 18 U.S.C. §

3952(c)(1)(A) for compassionate release.  *See e.g. United States v. Spencer,* No.

03-CR-4134-DEO, 2014 WL 2514617 (N.D. Iowa June 4, 2014); *United States v.*

*Mills,* No. 1:10CR117CAS, 2014 WL 3845441 (E.D. Mo. Aug. 5, 2014); *Brown v.*

*Inch,* Case No. 18-CV-221 (JNE/LIB), 2018 WL 2108254 (D. Minn. March 29,

2018).  The First Step Act changed that so that a defendant  may now file a direct

motion under that section "after the defendant has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

---

[4] Littrell not only did not have a prior § 924(c) conviction, his only prior conviction was
for misdemeanor marijuana possession.  He had no felony convictions before this case.
[Presentence Report, ECF 89-1].

on the defendant's behalf or the lapse of 30 days from the receipt of such a request

by the warden of the defendant's facility, whichever is earlier, …". Section

3582(c)(1)(A).

Because of the confusion in the record about whether Littrell had requested

that the warden file a motion for compassionate release, I ordered supplemental

briefing on this point.  [ECF 106].[5]  Defense counsel responded that Littrell has

properly exhausted by filing a request on May 9, which the warden denied.  The

government did not file a further response regarding exhaustion and its deadline

for doing so has now expired.

I conclude that Littrell has exhausted his administrative remedies.  He filed

his request more than a year ago.  [ECF 92-1].  Although his request obviously

could not have mentioned the Covid 19 pandemic and it did not specifically

reference the stacking issue, it attached documents from his clemency petition

arguing that his sentence would likely have been lower if he had been sentenced

later, as well as other reasons.  The Bureau of Prisons denied the request, because

it "did not meet the criteria" for compassionate release.  [ECF 92-3].  This is

---

[5] As set out in that order, the government's response to the counsel-filed supplemental
motion denied that Littrell had made a request to the Warden, but the government's response to
the still-pending *pro se* motion had attached a copy of the request.

sufficient exhaustion.  *See United States v. Resnick*, No. 14 CR 810 (CM), 2020 WL 1651508 at * 6 (S.D.N.Y. Apr. 2, 2020) (court can take into account things—including the Covid 19 pandemic—that occurred after the defendant's original request to warden).

In the alternative, I conclude that the government has waived exhaustion.  I recognize that whether this new exhaustion requirement can be waived is a matter of considerable disagreement among courts.[6]  *Compare e.g., United States v. Ramirez,* Crim. No. 17-10328-WGY, 2020 WL 2404858 at * 6-9 (D. Mass. May 12, 2020) (exhaustion requirement is not jurisdictional and can be waived); *United States v. Haney*, 19-cr-541 (JSR), 2020 WL 1821988 at * 3-4 (S.D.N.Y. Apr. 13, 2020) (exhaustion requirement can be waived); *United States v. Fry*, Crim. No. 11-141(4) (PAM/KMM), 2020 WL 1923218 at * 1(D. Minn. Apr. 21, 2020) (court "can envision circumstances, including those the current COVID-19 pandemic raises, that may warrant waiving" the exhaustion requirement, but this case "does not present such an extenuating circumstance), *with United States v. Graves*, 8:09CR338, 2020 WL 2086271 (D. Neb. Apr. 30, 2020) (exhaustion cannot be

---

[6] While the 8th Circuit Court of Appeals has held that 18 U.S.C. §3582 *itself* is jurisdictional and so is the only way a court may reduce a final sentence, *see United States v. Auman,* 8 F.3d 1268, 1271 (8th Cir. 1993), the Circuit has not considered whether this new clause of §3582(c)(1)(A) is an additional jurisdictional requirement.

waived; citing numerous cases at *1, ftnt. 1).  After fully considering the reasoning

of these cases, I agree with the courts that have found that this new exhaustion

requirement can be waived under some circumstances.

The Bureau of Prisons has consistently taken the position that the First Step

Act's change to § 924(c)'s stacking penalties is not a basis for allowing

compassionate release.  If ever there were a case where exhaustion is futile, this is

it.  *See United States v. Clausen*, Crim. File No. 16-256 (MJD/LIB), 2020 WL

1442852 (Mar. 24, 2020) (exhaustion can be waived if is futile, citing *Elwood v.

Jeter*, 386 F.3d 842 (8th Cir. 2004)).  Although I conclude that Littrell's earlier

request to the warden was sufficient exhaustion, I also conclude that the

government has waived the exhaustion requirement, both by the Bureau of Prisons'

refusal to consider the unwarranted sentencing disparities caused by this change in

the law and by failing to respond to my recent order asking for clarification of their

recent position that Littrell had not made a request to the warden.

Turning to the merits, Littrell can only obtain relief under § 3582(c)(1)(A)(i)

if the court finds, "after considering the factors set forth in section 3553(a) to the

extent they are applicable," that "extraordinary and compelling reasons warrant

such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The statute also provides—as it

did before the passage of the First Step Act—that any reduction must be

"consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The government argues that a defendant must "demonstrate that at least one 'extraordinary and compelling reason' identified in section 1B1.13 of the Sentencing Guidelines warrants a reduced sentence."  [ECF 105 at p 6]. Application Note 1 to §1B1.13 lists reasons the Bureau of Prisons can use to grant compassionate release.  Those reasons include defendant's medical condition (listing very specific serious situations), the age of the defendant (at least 65 with serious deterioration in health after serving at least 10 years or 75% of the original sentence), family circumstances (specifically relating to minor children or spouse) and "Other Reasons" which requires a determination by the Director of the Bureau of Prisons that there are "extraordinary and compelling" reasons for a reduction in sentence.  This guideline has not been amended to reflect the changes wrought by the First Step Act.[7]

Sentencing Guideline § 1B1.13 is inconsistent with the amended statute because it requires the Director of the Bureau of Prisons to make a motion for compassionate release.  Application Note 1 is inconsistent with the new law

---

[7] The United States Sentencing Commission has not had a quorum since the First Step Act was passed, so it has not been able to amend any guidelines or policy statements.

because its list of specific reasons that could justify compassionate release (medical condition, age, family circumstances) are not required by the statute and its catch-all "Other Reasons" subsection requires the Director of the Bureau of Prisons to determine what are "extraordinary and compelling" reasons.[8]  For this reason, many courts have found that the guideline does not limit the factors that a court may consider, but merely provides helpful guidance.  *See  United States v. Maumau,* Case No. 2:08-cr-00758-TC-11, 2020 WL 806121 at * 2 (D. Utah Feb. 18, 2020); *Marks, supra,* 2020 WL 1908911 at * 7; *United States v. Beck*, No 1:13-CR-186-6, 2019 WL 2716505 at * 5-6 (M.D.N.C. June 28, 2019).[9]

Additionally, several courts have noted that the history of the First Step Act along with the title of the section relating to compassionate release—"Increasing the Use and Transparency of Compassionate Release"—shows that Congress intended to liberalize the use of

---

[8] Application Notes 4 and 5 are also inconsistent as they also require the Director of the Bureau of Prisons to file a motion.

[9] The government is correct that some courts have rejected this argument, including *United States v. Brummett*, Crim. No. 6:07-103-DCR, 2020 WL 1492763 (E.D. Ky. March 27, 2020), which the government cites.  The other case relied on by the government, *United States v. Lynn*, Criminal No. 89-0072-WS, 2019 WL 3082202 (S.D. Ala. July 15, 2019), is not on point, as the court noted that the defendant had only mentioned the First Step Act in passing; even then the defendant referenced changes to a different statute (relating to home confinement) that is not at issue here.

compassionate release, and that to accomplish that purpose courts cannot be limited to the same restrictive list of factors that limited the Bureau of Prisons. *See Marks, supra* at * 5; *United States v. Brown,* 4:05-CR-00227-1, 2020 WL 2091802 at * 7 (S.D. Ia. Apr. 29, 2020), *earlier opinion* 411 F. Supp. 3d 446, 450 (S.D. Ia. 2019). I agree with the courts listed above that while the guideline and its application note can provide helpful guidance, they do not limit the factors the court can consider in determining whether extraordinary and compelling reasons exist for reducing a sentence.

In the time since Littrell filed his original *pro se* First Step Act motion, many district courts have held that the sentencing disparity caused by the non-retroactive changes to § 924(c) can, when combined with other factors, constitute extraordinary and compelling reasons for a reduction of sentence. *See Marks*, *supra,* 2020 WL 1908911; *Maumau*, *supra,* 2020 WL 806121; *United States v. Haynes*, 93-cr-1043 (RJD), 2020 WL 1941478 (E.D.N.Y. Apr. 22, 2020); *U.S.A. v. Defendant(s) (Wade),* Case No. 2:99-CR-00257-CAS-3, 2020 WL 1864906 (C.D. Cal. Apr. 13, 2020); *United States v. Young*, No. 2:00-cr-00002-1, 2020 WL 1047815 (M.D. Tenn. March 4, 2020); *United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475 (D. Kans. Feb. 21, 2020); *United States v. Urkevich*, 8:03CR37,

11

2019 WL 6037391 (D. Neb. Nov. 14, 2019); *United States v. Brown*, 411 F.

Supp. 3d 446 (S.D. Ia. 2019), *and on reconsideration* 2020 WL 2091802 (S.

D. Ia. Apr. 29, 2020) (combination of change in stacking and risks of Covid

along with § 3553(a) factors warrant reduction of sentence to time served).

I agree with the analysis of these courts and believe that Littrell's situation

warrants a reduction of his sentence.

    As noted above, if sentenced today Littrell would have faced only a

20-year mandatory sentence, rather than the 40 years that I was required to

impose in 2006.  One district judge described this change as "an

extraordinary development in American criminal jurisprudence," which

ended "[a] modern-day dark ages—a period of prosecutorial § 924(c)

windfall [that] courts themselves were powerless to prevent."  *Haynes,*

*supra,* 2020 WL 1941478 at *5.  Littrell had no prior felony convictions, so

he was nothing like the armed recidivists that § 924(c)'s twenty-five year

mandatory minimum was intended to address.  Under 18 U.S.C. § 3553(a),

which the Court is required to consider, this is an unwarranted sentencing

disparity when compared to persons with much more serious prior histories

who are sentenced today for the same crimes.  Although the First Step Act

did not make the changes to § 924(c) retroactive, that "simply establishes

that a defendant sentenced before the FSA is not *automatically* entitled to resentencing; it does not mean that the court may not or should not consider the effect of a radically changed sentence for purposes of applying §3582(c)(1)(A)." *O'Bryan, supra*, 2020 WL 869475 at * 1 (emphasis original). Instead of requiring me to automatically reduce Littrell's sentence, the statute requires that I consider other factors, including all those set out in 18 U.S.C. § 3553(a).

Littrell has shown, through his good behavior in prison, that he is no longer a danger to the community. To a large extent his crime was driven by his own methamphetamine addiction and the meth-saturated culture in which he lived. Unlike many drug defendants, he has job skills and a history of employment. Unlike many drug defendants, he has no prior drug-trafficking convictions or convictions for crimes of violence. Except for his flight in this case, he has no serious history of violence. Littrell has been in custody since November of 2003. Although his crime was serious, a sentence of time served appropriately recognizes the seriousness of the crime. He is significantly older now, which also decreases his risk of recidivism. Littrell's initial and supplemental motions pointed to his good behavior in prison, his low security classification, his completion of GED and paralegal

13

courses, and his family situation.  His attorney argued that his pre-existing

medical conditions, which include diabetes, hypertension and gout, increases

his risk of having a very serious illness if he contracted Covid 19.  He has a

viable home plan.

The concerns expressed by Littrell's counsel about the risk of

contracting Covid 19 in prison were well founded, as he now has tested

positive for the disease.  Although I have not received any information about

the seriousness of his condition or his current medical treatment, I believe

that keeping him in the Bureau of Prisons at this time is not warranted.  The

facility in which he is confined, FCI Forrest City Low, has one of the highest

incidences of Covid 19 cases in any of the Bureau of Prisons facilities.[10]

The extraordinary and compelling circumstances resulting from the

change in sentencing law, together with Littrell's lack of prior serious

criminal history and his stable home plan, would justify my reducing his

sentence to 240 months even if he had not contracted Covid 19.  But because

that sentence would require him to serve a few more months in jail and

---

[10] *Federal Bureau of Prisons, Covid-19 Coronavirus*, https://www.bop.gov/coronavirus
(last accessed May 19, 2020).

14

because he has now been diagnosed with Covid 19, I agree that a reduction of sentence to time served is appropriate.  The Bureau of Prisons may delay implementation of this sentence for not more than fourteen days from today, but only if necessary to arrange for appropriate medical treatment or quarantine.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's latest Motions to Reduce Sentence [87, 91, 102] are granted and defendant Anthony Littrell's sentence is reduced to time served.  The Bureau of Prisons may delay implementation of this sentence for not more than fourteen days from today, but only if necessary to arrange for appropriate medical treatment or quarantine.

An amended judgment in accord with this Memorandum and Order is entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2020.

15